## KIVEL v. MURRAY CONE SHOE CO.

The reasonable expenses of a keeper of personal property legally attached may be taxed as costs upon the rendition of a judgment in favor of the plaintiff.

Whether an officer was justified in preserving an attachment of personal property by means of a keeper, or should have employed the statutory method for the attachment of bulky articles, is a question to be determined by the trial court upon an allowance of costs in the action.

ASSUMPSIT. Transferred from the September term, 1904, of the superior court by *Stone*, J.

September 9, 1904, the plaintiff, an attorney-at-law, instituted three suits against the defendants, one in favor of Gibbs, one in favor of Hayes, and the other in favor of himself. Under instructions from the plaintiff, the officer attached in each suit certain personal property of the defendants, a part of which consisted of machinery, making the attachments in the actions in the order above stated. The attachments were preserved by means of keepers employed by the officer, who charged the entire expense of keeping the property in his return in the first suit. Pending negotiations for a settlement of the several claims, the keepers remained in possession of the property until November 21, when the defendants furnished bonds as security and the attachments were released. Judgment for the defendants was entered by agreement in the first two cases, and for the plaintiff in the last case.

The plaintiff moved that the officer be allowed to amend his return by including therein the expenses of the keeper, which he had charged on the first writ. The motion was allowed, and the defendants excepted. The court allowed only a part of those expenses in this suit, and the defendants excepted thereto. The attachments enured to the benefit of all the plaintiffs and were made in good faith.

*John Kivel* and *George T. Hughes*, for the plaintiff.

*Ernest B. Folsom* and *Johnson, Clapp &amp; Underwood* (of Massachusetts), for the defendants.

WALKER, J. It is claimed in behalf of the defendant that there is no legal authority for the allowance of the expenses of a keeper of attached personal property, as taxable costs upon the rendition

of a judgment in favor of the plaintiff. Although there is no statutory provision expressly relating to the subject of such expenses, and although it may be true that at common law no costs were allowable (*State* v. *Kinne*, 41 N. H. 238), it cannot be doubted that the legislature has authorized the court to permit items of expense not enumerated in the statute, which have been incurred by an officer in the service of process, to be taxed as costs. " Costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." P. S., *c.* 229, *s.* 1. And section 3 provides that "in all actions or petitions in the supreme [superior] court, costs may, on motion and good cause shown, be limited, allowed, and such security therefor be ordered as the court may deem just." It is evident that provisions of the statute designating certain services of a sheriff for which specific costs may be taxed, as for the service of a writ, for making an attachment of personal property, or for summoning witnesses (P. S., *c.* 287, *s.* 16), were not intended to exclude the allowance from taxable costs of reasonable compensation for other services or expenses attending the legal execution of his precept. In *Averill* v. *Mathes*, 55 N. H. 617, 618, "the charges of the officer for money expended in moving and keeping the property attached" were held to have been properly allowed in the trial court. See, also, *Ballou* v. *Smith*, 31 N. H. 413; *Bartlett* v. *Hodgdon*, 44 N. H. 472; *Smith* v. *Boynton*, 44 N. H. 529; *Ela* v. *Knox*, 46 N. H. 16; Rules of Court, Nos. 57 and 58, 71 H. H. 685. If the services for which compensation is sought are found to have been reasonably necessary for the protection of the property attached while legally held by the officer as security under the writ, a legislative intention that the reasonable expenses for such services should not constitute taxable costs, under the statutes quoted, has not been expressed and cannot be inferred from the language used. The superior court in the exercise of its discretion, upon evidence presumably competent and satisfactory, has allowed a certain amount for the keeping of the property attached in this suit. It did not allow the whole of that expense, but in the undoubted exercise of its power apportioned such part of it for the plaintiff's taxable costs, as under the circumstances justice seemed to require. As the question of discretion is not reserved, further discussion of the subject is unnecessary.

The further claim that the officer was not justified in preserving the attachment by means of a keeper, but might have accomplished that purpose by leaving an attested copy of the writ with the city clerk as provided by statute (P. S., *c.* 220, *s.* 16), cannot be sustained. Whether the statutory method suggested would have been effective with reference to a part or the whole of the property

attached, and whether it ought reasonably to have been adopted, are questions of fact apparently considered by the superior court and determined adversely to the defendant. It does not appear that the employment of a keeper was so unnecessary under the circumstances, or that it was continued for such an unreasonable time (*Cutter* v. *Howe*, 122 Mass. 541, 543), that there was an abuse of discretion on the part of the court in allowing a part of the expense thereby incurred by the sheriff, or that such expense as a matter of law could not constitute a legitimate item of the plaintiff's bill of costs.

*Exceptions overruled.*

All concurred.